JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Appellant, Clarence Allen, appeals his conviction in the Cuyahoga County Court of Common Pleas for felonious assault, with a peace officer specification. For the reasons stated herein, we affirm.
 {¶ 2} On November 30, 2005, Allen was indicted on one count of felonious assault, with a peace officer specification, pursuant to R.C.2903.11. Allen pled not guilty to the charge and waived a trial by jury. The case proceeded to a bench trial.
 {¶ 3} Kenneth Williams, the victim in this case, testified that he is employed as a protection officer, which is an armed security officer, for the Cuyahoga Metropolitan Housing Authority ("CMHA"). On November 18, 2005, Williams was working security at a senior-citizen high-rise building located at 9500 Wade Park Avenue in Cleveland. His primary job was to I.D. people coming into the building and to answer any security-related calls.
 {¶ 4} On the date of the incident involved herein, Williams received a radio call that there was an altercation occurring on the fourth floor. He responded to that floor, where he broke up a party that was taking place. Williams escorted some of the individuals out of the building and then returned to his office and was writing out violations.
 {¶ 5} Williams testified that approximately twenty minutes later, Allen came to his office and said to him, "[I]f you ever disrespect me like that again in front of my *Page 3 
girlfriend, I'm going to kick your ass." Williams stated he did not know why Allen said that at the time.
 {¶ 6} Allen's mother was a resident of the building; however, Allen was not. After Allen proceeded to make threats to Williams, Williams asked Allen to leave. Allen exited into an enclosed entrance area, where he continued to threaten Williams. Williams called for assistance and informed Allen that a car was on the way and that he was being detained.
 {¶ 7} Williams testified that he stood in front of the door to prevent Allen from leaving. Williams stated the two "tussled" around and Allen attempted to choke him and to bite him. Williams then pepper-sprayed Allen. Allen pushed Williams back towards the glass door leading to the lobby, and the glass shattered. The two continued to tussle, and Allen forced Williams backwards, causing Williams to hit his head on the frame of the door. CMHA police officer Mark Ortiz then arrived and placed Allen under arrest.
 {¶ 8} The back of Williams' head was split and bleeding. He went to the hospital and received five staples to close the wound. Photographs were introduced showing blood stains to Williams' uniform and depicting a large laceration, which had been stapled, on the back of Williams' head. At trial, Williams showed the court a scar on the back of his head.
 {¶ 9} Allen testified that when Williams went up to the fourth floor, both men as well as Allen's friend, Lequana Martin, were on the elevator. Allen stated that as *Page 4 
he and Martin exited the elevator, Williams pushed him in the back and said, "[B]itch, you livin' off your mother." Martin also testified she heard this statement. After thinking over the incident, Allen decided to go down to the office to confront Williams. Allen stated that Williams told him to leave, and that he, Allen, exited into the enclosed entrance area. Allen claimed that Williams followed him, would not let him leave, and sprayed him with mace. Allen admitted to responding with force, but claimed he was defending himself.
 {¶ 10} On cross-examination, Allen admitted that he was in the entrance area for a period of five minutes prior to the physical altercation and that he was doing all the talking while waving his hands. Allen claimed that Williams had taken his key to his mother's apartment and that he was waiting for his mother to come let him in. Allen stated he did not initially attempt to leave the building. Allen's mother testified that when she came down to let her son into the building, Williams would not allow him inside. Ms. Allen stated that she told her son to leave. She further testified that Williams pulled Allen back in and began to spray him with mace. She then observed the two men wrestling, but could not testify to the details.
 {¶ 11} The altercation was recorded on a video camera in the entrance area. The trial court indicated that the video showed that Allen made an attempt to leave and that Williams did not want Allen to leave, and showed the ensuing physical altercation. This court also reviewed the video. The video shows Williams detaining Allen in the entrance area while Allen is talking and waving his arms. After several *Page 5 
minutes, Allen attempts to leave and Williams prevents him from doing so by pulling him back inside. Allen responds in an aggressive fashion, and the ensuing physical altercation occurs.
 {¶ 12} The trial court stated that it found no justification on the part of Allen in resisting, in such an aggressive fashion, being detained and that Allen was engaging in knowing behavior that reasonably could lead to physical harm to Williams. The trial court further found that there was serious physical harm to Williams in that Williams "has a prominent scar on the back of his head." The court also found that it was a "painful traumatic event and injury" for Williams and that while he was not restricted and incapacitated in his normal daily activities, he was advised not to return to work until sufficient healing had taken place.
 {¶ 13} The trial court found Allen guilty as charged, including the peace officer specification. The court sentenced Allen to a mandatory three-year term of imprisonment.
 {¶ 14} Allen filed a timely appeal and has raised one assignment of error for our review: "The appellant was convicted upon legally insufficient evidence in violation of the Due Process Clause of the Fourteenth Amendment."
 {¶ 15} When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, *Page 6 104 Ohio St.3d 54, 67, 2004-Ohio-6235, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 16} Allen was found guilty of felonious assault, with a peace officer specification, in violation of R.C. 2903.11, which states in relevant part: "No person shall knowingly cause serious physical harm to another * * *." R.C. 2903.11(A)(1). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C.2901.22(B).
 {¶ 17} Allen contends the state failed to present sufficient evidence of serious physical harm. Allen states that no medical testimony was presented and that there was no testimony that the "prominent scar" the court noted was permanent.
 {¶ 18} R.C. 2901.01(A) defines "serious physical harm" in relevant part as "any physical harm" that "involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity"; that "involves some permanent disfigurement or that involves some temporary, serious disfigurement"; or that "involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C.2901.01(A)(5)(c)-(e).
 {¶ 19} The testimony and evidence in this case established that Williams suffered a serious laceration to the back of his head that required Williams to go to the hospital, where he received five staples to close the wound. The injury also left a *Page 7 
prominent scar on Williams' head. In light of the testimony and photographs of the injury, the trier of fact could reasonably conclude that Allen caused the victim serious physical harm.
 {¶ 20} Allen also contends that there was insufficient evidence to establish that Williams was a peace officer. Allen indicates that Williams' own testimony reflected that while he believed he had arrest authority, he was not authorized by his employer to make an arrest. Allen claims that the evidence presented shows that Williams was acting as a security guard.
 {¶ 21} Felonious assault is a first degree felony if the victim of the crime is a peace officer, which is defined in relevant part as a "member of a police force employed by a metropolitan housing authority." R.C.2903.11(D)(1) and R.C. 2935.01. R.C. 3735.31(D) provides that a metropolitan housing authority may "employ a police force to protect the lives and property of the residents of housing projects within the district, to preserve the peace in the housing projects, and to enforce the laws, ordinances, and regulations of this state and its political subdivisions in the housing projects and, when authorized by law, outside the limits of the housing projects."
 {¶ 22} Williams testified that he was an armed protection officer with CMHA. More specifically, he testified that he carried a firearm, a baton and foam spray. Williams also testified that generally when he encountered a problem, he would *Page 8 
detain the individual and call a police officer to make the actual arrest, pursuant to agency policy.
 {¶ 23} In this case, the assault occurred after Williams had detained Allen. At trial, defense counsel specifically informed the court that there was no issue as to whether Williams was a police officer.
 {¶ 24} After reviewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of assault on a peace officer proven beyond a reasonable doubt.
 {¶ 25} Finally, Allen claims that the record does not clearly show that the trial court employed a standard of proof beyond a reasonable doubt. Allen states that the trial court in articulating its verdict stated it had weighed the evidence and found "on the whole, I find Mr. Williams' testimony and description of events is more credible than that of the defendant and his witnesses." Our review of the record reflects that the trial court considered the testimony and evidence presented as well as the credibility of the witnesses in reaching its determination. We are unpersuaded by Allen's argument that the trial court did not employ the proper standard of proof.
 {¶ 26} Allen's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., J. and KENNETH A. ROCCO, J., CONCUR *Page 1